**EOD**
05/17/2006

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>JOSEPH MICHAEL DETZEL<br>XXX-XX-3063<br>P. O. BOX 362<br>LITTLE ELM, TX 75068<br><br>DEBTOR(S) | § § § § § § § § §   CASE NO. 05-48662-R<br><br>CHAPTER 13 |

**ORDER DISMISSING CHAPTER 13 CASE WITH PREJUDICE TO REFILING FOR 180 DAYS WITH RETENTION OF JURISDICTION**

On May 17, 2006, came on for hearing the Motion to Dismiss with Prejudice (the "Motion") filed by Janna L. Countryman, Standing Chapter 13 Trustee, in the above referenced case. The Court finds that appropriate notice of the Motion and the hearing was given according to the Federal and Local Rules of Bankruptcy Procedure. The Court further finds that this case should be dismissed with prejudice to refiling for a period of 180 days for the reasons stated in the Motion. The Court also recognizes that a Motion for Administrative Expenses, or an equivalent thereof, filed by the Debtor's attorney is currently pending before the Court; however, such request has not completed its required suspense period pursuant to the negative notice requirements under the Local Rules of Bankruptcy Procedure. Such pending request requires the further attention of this Court, notwithstanding the fact that just cause currently exists for the dismissal of this case. Accordingly, pursuant to the authority expressed in *Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993), the Court finds that just cause exists for the entry of the following order.

IT IS THEREFORE ORDERED that the above referenced Chapter 13 case is hereby DISMISSED WITH PREJUDICE to the refiling of any petition under Title 11 by the Debtor, JOSEPH MICHAEL DETZEL, for a period of one hundred eighty (180) days from May 17, 2006; provided, however, that this case shall remain open and the Court shall retain jurisdiction to entertain and to determine all requests for relief, whether raised sua sponte or by any party in interest, pertaining to the compensation to be paid to the Debtor's counsel, and to enter any order pertaining thereto which may be appropriate under the circumstances.

IT IS FURTHER ORDERED that any wage withholding orders previously entered in this case are hereby terminated.

IT IS FURTHER ORDERED that, pursuant to 11 USC §1326(a)(2) and notwithstanding the retention of jurisdiction by this Court, any funds remaining on deposit with the Chapter 13 Trustee shall first be applied to the payment of all approved administrative expenses, to be distributed on an equivalent basis until such time as a claim has been paid in full, unless a different distribution priority has been authorized under any prior order of the Court, and that any funds remaining in the Trustee's possession, following the full satisfaction of all allowed administrative expenses, shall be distributed to the Debtor.

Signed on 5/17/2006

*Brenda T. Rhoades*   SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

MotionToDismissQuerner